IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Nos. 3:19-CR-061-TAV-DCP |
| DONALD FLACK, | ) | 3:08-CR-108-TAV-DCP |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, the referral Order of the District Judge [Doc. 23].[1]

This case came before the Court on August 6, 2020, for a motion hearing via videoconference on Defendant's Unopposed Motion to Substitute Attorney [Doc. 22], filed on July 16, 2020. Assistant United States Attorney Alan Kirk appeared on behalf the Government. Assistant Federal Defender Nakeisha Jackson, with the Federal Defender Services of Eastern Tennessee ("FDSET"), appeared on behalf of Defendant Flack, who was also present via videoconference. CJA Panel Attorney Mike Whalen was also present.

In Defendant's Motion to Substitute Attorney [Doc. 22], Assistant Federal Defender Jackson states that the attorney-client relationship has deteriorated to the point where counsel cannot effectively work with Defendant Flack to prepare the case for trial. Additionally, the Government stated that it takes no position on the pending motion. The Court conducted a sealed,

---

[1] Unless otherwise indicated, citations to the record refer to the docket entries in 3:19-CR-161.

*ex parte* hearing with Defendant and Assistant Federal Defender Jackson to learn the nature and extent of the problems with the attorney-client relationship. Based upon the representations of Assistant Federal Defender Jackson and Defendant during the sealed portion of the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and the ability to communicate is significantly eroded. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Unopposed Motion to Substitute Attorney [Doc. 22] is **GRANTED**, and Assistant Federal Defender Jackson and the FDSET are **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Whalen agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Whalen under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Assistant Federal Defender Jackson and the FDSET are **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Whalen.

Attorney Whalen then orally moved to continue the trial and revocation hearing in these cases, previously scheduled for July 21, 2020, but lapsed after the filing of Defendant's motion to substitute attorney. Attorney Whalen argued that a continuance is necessary to provide him time to review the discovery and the charges in this case, meet with the Defendant, and prepare the case for trial. The Government stated that it did not object to a continuance. The parties then agreed on a new trial and revocation hearing date of November 17, 2020.

Given the circumstances of Attorney Whalen's appointment, the Court finds that the failure to continue the trial in this case would deprive defense counsel of the reasonable time necessary

2

to prepare the case for trial, even considering his acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, Defendant's oral motion to continue is **GRANTED**, and the trial of this matter is reset to **November 17, 2020**. The Court finds that all the time between the motion to substitute attorney on July 16, 2020 and the new trial date of July 14, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), (7)(A)-(B). With regard to other scheduling in this case, the parties are to appear before the undersigned for a pretrial conference at **October 20, 2020 at 1:30 p.m.** The date shall also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **November 3, 2020**. Special requests for jury instructions shall be submitted to the District Judge no later than **November 6, 2020** and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant's Unopposed Motion to Substitute Attorney [Doc. 22] is **GRANTED**. Assistant Federal Defender Jackson and the FDSET are **RELIEVED** as counsel of record for Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible;

(2) Attorney Mike Whalen is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant pursuant to the CJA;

(3) Defendant's oral motion to continue is **GRANTED**;

(4) The trial of this case is reset to commence on **November 17, 2020, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(5) All time between the filing of the motion to substitute attorney on **July 16, 2020** and the new trial date of **November 17, 2020** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

3

(6) The parties are to appear before the undersigned for a pretrial conference on **October 20, 2020, at 1:30 p.m.** This date is also the deadline for concluding plea negotiations and for providing reciprocal discovery;

(7) All motions *in limine* must be filed no later than **November 3, 2020**; and

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **November 6, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge